# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00126-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROGER DALE FRANKLIN II, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Revoke Probationary Sentence and Activate Time Sentence in Abstentia" [Doc. 26].

In October 2016, the Defendant was charged in a Bill of Indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. In November 2016, the Defendant was brought to this Court for an initial appearance pursuant to a Writ of Habeas Corpus Ad *Prosequendum* issued to the Yancey County Detention Center, where the Defendant was in state custody. In July 2017, this Court sentenced the Defendant to a term of 180 months' imprisonment. Afterward, the Defendant was returned to state custody. In the Judgment, the Court noted that the Defendant "has been in continuous custody since July 16, 2016 including

being held in state custody on related charges. This information is provided for the purpose of allowing the defendant such credit as he is entitled pursuant to 18 USC § 3585." [Doc. 24 at 2].

In his motion, the Defendant asks the Court to grant him "time served credits" for the time he has served in state custody and to allow him to serve his federal sentence concurrently with his ongoing state sentence. [Doc. 26].

The Defendant is not entitled to the relief that he seeks. "[W]hen a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). When the Defendant was delivered to Federal authorities pursuant to a writ, the Defendant was subject to three different sets of charges in state court. [Doc. 20 at 14-15, 17-18, ¶¶ 47, 48, 62]. The one that arose from the same events giving rise to this case was dismissed on February 15, 2017. [Id. at 17-18, ¶ 62]. Thus, the Court provided the § 3585 information to the BOP in the Judgment. The Defendant, however, remained in primary state custody on the remaining state charges. [Id. at 14-15, ¶¶ 47, 48]. Therefore, the Defendant's federal sentence will not begin

until after the Defendant has served his full state sentence with the State of North Carolina with regard to those charges.

To the extent that the Defendant seeks sentencing credit on his federal sentence for the time he has spent in state custody, it is the Attorney General, not the sentencing court, who is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, such claims for credit must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address claim for sentencing credit to the Bureau of Prisons once he begins his federal sentence. Only when his BOP administrative remedies have been exhausted, may the Defendant seek judicial review of that decision in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Revoke Probationary Sentence and Activate Time Sentence in Abstentia" [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 10, 2019

Martin Reidinger
United States District Judge