# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00126-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ROGER DALE FRANKLIN, II, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 28], which the Court construes as a motion for modification of his sentence and the calculation of jail credit.

By his letter, the Defendant makes several inquiries regarding his sentence, including whether his federal sentence is running concurrently with his state sentence; whether his sentence was improperly enhanced; and whether he is entitled to any sort of sentence reduction under the First Step Act. He also asks for a calculation of his jail credit.

As for the Defendant's inquiries regarding a sentence modification, the Defendant is advised that he must file a motion if he wishes to seek any kind of modification of his sentence. The Court will not rule upon letters

addressed to the Court or the Clerk of Court, and in the future, such letters will not receive a response and may be stricken.

As for the Defendant's inquiry regarding jail credit, the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should, at the appropriate time, address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 28], which the Court construes as a motion for modification of his sentence and the calculation of jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 7, 2023

Martin Reidinger
Chief United States District Judge

3